**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| OFFICER ZACHARY CALAMUS; | ) | Judge |
| OFFICER ARLETA KOCHAN; | ) | |
| OFFICER BRENDAN REILLY; | ) | Magistrate Judge |
| SERGEANT JOHN REILLY; , | ) | |
| OFFICER MICHAEL SPAGNOLO; | ) | |
| OFFICER DEAIRES BLACKWELL; and | ) | |
| VILLAGE OF FOREST PARK | ) | |
| | ) | Trial By Jury Demanded |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, Mr. Steven Jenkins, by and through his attorney, David S. Lipschultz, and in support of his Complaint at Law against the Defendants, Officer Zachary Calamus, Star No. 265; Officer Arleta Kochan, Star No. 269; Officer Brendan Reilly, Star No. 272; Sergeant John Reilly, Star No. 125; Officer Michael Spagnolo, Star No. 259; Officer DeAires Blackwell, Star No. 275, and Village of Forest Park, states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871), and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

## PARTIES

4. Plaintiff Steven Jenkins ("Mr. Jenkins"), is a United States citizen and a resident of the City of Chicago, State of Illinois.

5. At all relevant times herein referenced, Defendants, Officer Zachary Calamus, Star No. 265 ("Officer Calamus"); Officer Arleta Kochan, Star No. 269 ("Officer Kochan"); Officer Brendan Reilly, Star No. 272 ("Officer Reilly"); Sergeant John Reilly, Star No. 125 ("Sergeant Reilly"); Officer Michael Spagnolo, Star No. 259 ("Officer Spagnolo"); and Officer DeAires Blackwell, Star No. 275 ("Officer Blackwell") (collectively, the "Defendant Officers") were employed by the Village of Forest Park as sworn police officers. They are sued in their individual capacity. At the time of the incidents at issue in this Complaint, Defendant Officers were engaged in the conduct complained of while acting within the scope of their employment and under color of law.

6. At all relevant times herein referenced, Defendant, Village of Forest Park ("Forest Park") was and remains a governmental entity formed pursuant to the laws of the State of Illinois. Defendant Officers were employed by Forest Park as sworn police officers, and at the time of the incident at issue they were acting within the scope of their employment for Forest Park and under color of law.

## FACTUAL ALLEGATIONS

7. On June 25, 2022, at approximately 3:00 a.m. Mr. Jenkins was driving his car through the Chicago suburb of Forest Park.

8. Officer Calamus and Officer Kochan stopped Mr. Jenkins' vehicle without legal basis. The officers pointed their guns at Mr. Jenkins.

9. Officer Reilly, Sergeant Reilly, Officer Spagnolo and Officer Blackwell joined Officer Calamus and Kochan at the scene. All pointed their guns at Mr. Jenkins.

10. Defendant Officers broke a window of Mr. Jenkins' car and forced Mr. Jenkins out of his vehicle.

11. Defendant Officers used unreasonably excessive force in handcuffing and restraining Mr. Jenkins.

12. Defendant Officers arrested Mr. Jenkins and charged him with various criminal offenses.

13. Defendant Officers lacked a lawful basis to arrest Mr. Jenkins.

14. Defendant Officers prosecuted Mr. Jenkins in criminal court.

15. Mr. Jenkins prevailed in his criminal case.

16. As a result of the misconduct of the Defendant Officers, Mr. Jenkins suffered false arrest, unlawful detention, loss of liberty, physical injuries, humiliation, economic loss, emotional anguish, monetary loss and expenses, and other damages.

**COUNT I**
**SECTION 1983 FALSE ARREST**
**AGAINST DEFENDANT OFFICERS**

17. The Plaintiff re-allege and incorporate herein the allegations of paragraphs 1 through 16.

18. The actions of the Defendant Officers violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

19. Defendant Officers lacked probable cause to arrest Mr. Jenkins.

20. The Plaintiff suffered damages.

WHEREFORE, the Plaintiff, Steven Jenkins, prays for judgment against the Defendants, Officer Zachary Calamus, Officer Arleta Kochan, Officer Brendan Reilly, Sergeant John Reilly, Officer Michael Spagnolo and Officer DeAires Blackwell for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

**COUNT II**
**SECTION 1983 EXCESSIVE FORCE**
**AGAINST DEFENDANT OFFICERS**

21. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16.

22. The force used by Defendant Officers against Plaintiff constituted excessive force in violation of the Plaintiff's Fourth Amendment Rights of the U.S. Constitution and 42 U.S.C. §1983.

23. The force used by Defendant Officers against the Plaintiff was objectively unreasonable and excessive, and was undertaken intentionally, with malice, and with reckless indifference to the Plaintiff's constitutional rights.

24. As a direct and proximate result of this unjustified and excessive use of force, the Plaintiff suffered injuries including, but not limited to, physical injuries, pain and suffering, emotional anguish, humiliation, and monetary loss and expenses.

WHEREFORE, the Plaintiff, Steven Jenkins, prays for judgment against the Defendants, Officer Zachary Calamus, Officer Arleta Kochan, Officer Brendan Reilly, Sergeant John Reilly, Officer Michael Spagnolo and Officer DeAires Blackwell for compensatory damages, punitive damages, the costs of this action, attorney's fees pursuant to 42 U.S.C. §1988, and such other and additional relief as this Court deems equitable and just.

**COUNT III**
**ILLINOIS LAW CLAIM - INDEMNIFICATION**
**AGAINST VILLAGE OF FOREST PARK**

25. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 24.

26. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

27. At all times relevant to this incident, Defendant Officers were employees of the Village of Forest Park, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff pray that should this Court enter judgment in their favor and against Defendants, Officer Zachary Calamus, Officer Arleta Kochan, Officer Brendan Reilly, Sergeant John Reilly, Officer Michael Spagnolo and Officer DeAires Blackwell, the Village of Forest Park will be ordered to pay the Plaintiff any judgment for compensatory damages obtained against Defendants.

**JURY DEMAND**

Plaintiff prays for trial by jury.

Respectfully submitted,

STEVEN JENKINS

*/s/* David S. Lipschultz
David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com